IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>vs.<br><br>LARRY D. MOSS,<br><br>                            Defendant. | 8:24–CR–149<br><br>ORDER ON MOTION TO DISMISS INDICTMENT |

On September 18, 2024, the now-*pro se* defendant was indicted for distribution of 10 grams or more of fentanyl analogue and for unlawfully possessing a firearm as a felon. Filing 1. Presently before the Court are the defendant's *pro se* Motions to Dismiss Indictment. Filing 39; Filing 40.[1] The defendant avers that the Government has not complied with the requirements of the Speedy Trial Act of 1974 and that he is entitled to dismissal with prejudice of the Indictment. Filing 39 at 1. Because the Speedy Trial Act has not been violated, the defendant's Motions to Dismiss Indictment are denied.

The Speedy Trial Act provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days" of the indictment or arraignment, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). But there are several "periods of delay [that] shall be excluded in . . . computing the time within which the trial of any such offense must commence." *Id.* § 3161(h). "The defendant bears the burden of supporting his motion." *United States v. Villarreal*, 707 F.3d 942, 953 (8th Cir. 2013).

The defendant's argument for dismissal is straightforward: more than 70 days have passed since his arraignment on September 27, 2024. Filing 39 at 1–2. The defendant apparently contends

---

[1] The defendant submitted two identical Motions to Dismiss Indictment. Filing 39; Filing 40. This Order disposes of both Motions.

1

that no excludable time occurred, stating "there is no waiver on file nor is there one on the record to show that [he] has waived this right" to a speedy trial. Filing 39 at 2. The Government responds that there have been several periods of excludable time, and that by the scheduled trial date, April 1, 2025, only 60 non-excludable days will have elapsed. Filing 41 at 2–4. The Court agrees with the Government.

In this case, Speedy Trial Act time began to accrue on September 27, 2024, when the defendant was arraigned. 18 U.S.C. § 3161(c)(1); Filing 12 (Text Order). Twenty non-excludable days accrued between this date and October 17, 2024, when defense counsel filed an unopposed Motion to Extend Deadline for Filing Pretrial Motions. Filing 25 (seeking a 75-day extension, asserting the need for "additional time to review evidence, conduct research, and to consult with experts before deciding whether to file pretrial motions").[2] The magistrate judge granted the extension and reset the pretrial motion deadline for December 31, 2024, stating:

> In accordance with 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice will be served by granting this motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and December 31, 2024, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. Failure to grant this motion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and the novelty and complexity of the case. The failure to grant this motion might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Filing 26. Thus, by failing to timely object, the defendant waived any objection to the categorization of this time as excludable under the Speedy Trial Act. Moreover, this period of time between October 17, 2024, and December 31, 2024, is excludable under 18 U.S.C.

---

[2] The fact that the defendant later elected to proceed *pro se* does not invalidate any Motions filed on his behalf by appointed counsel while the defendant was represented.

§ 3161(h)(7)(A), which excludes "delay resulting from a continuance granted by . . . the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

Next, five non-excludable days elapsed until January 6, 2025, when the defendant submitted a Motion to Discharge his attorney, prompting defense counsel to move to withdraw. Filing 29. The magistrate judge held a hearing on this Motion on January 13, 2025, and the defendant ultimately elected to remain represented. Filing 31 (Text Order). The time between the date of the Motion, January 6, 2025, and its disposition, January 13, 2025, is excludable under 18 U.S.C. § 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

Thereafter, 35 non-excludable days elapsed between January 13, 2025 and February 18, 2025. Then, on February 18, 2025, the defendant filed another Motion to Discharge, again prompting defense counsel to move to withdraw. Filing 34. The magistrate judge held a hearing on this Motion on February 20, 2025, and the defendant ultimately elected to proceed *pro se*. Filing 31 (Text Order). The time between February 18, 2025, and February 20, 2025, is excludable under 18 U.S.C. § 3161(h)(1)(D). In addition, at the February 20, 2025, hearing, the defendant requested and received a continuance to prepare for representing himself at trial, which was previously scheduled for February 25, 2025, but is now scheduled to begin on April 1, 2025. Filing 31 (Text Order). The Court reviewed the audio file of this hearing and notes that the defendant expressly waived any objections to categorizing the period between February 20, 2025, and April 1, 2025, as excludable under the Speedy Trial Act. Filing 32. Moreover, this period of

time between February 20, 2025, and April 1, 2025, is excludable under 18 U.S.C. § 3161(h)(7)(A), which excludes "delay resulting from a continuance granted by . . . the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The magistrate judge correctly determined that giving the defendant additional time to prepare to represent himself at trial outweighed "the best interest of the public and the defendant in a speedy trial." *Id.*; Filing 31 (Text Order). Thus, this time is excludable under the Speedy Trial Act.

Therefore, the defendant has failed to meet his burden to show that dismissal under the Speedy Trial Act is warranted. *Villarreal*, 707 F.3d at 953. At best, only 60 non-excludable days have accrued under the Speedy Trial Act, which permits up to 70 non-excludable days before dismissal is required. Accordingly,

IT IS ORDERED that the defendant's *pro se* Motions to Dismiss Indictment, Filing 39; Filing 40, are denied.

Dated this 10th day of March, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge